IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH A. GREENE, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-15-586 |
| HARRIET C. HELFAND, et al., | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

The above-captioned Complaint was filed on March 2, 2015, together with a Motion to Proceed in Forma Pauperis. Because Plaintiff appears to be indigent, the motion shall be granted.

The 28-page typewritten Complaint, with 11 pages of exhibits, names as Defendants, Administrative Law Judge Harriet C. Helfand, Administrative Law Judge Thomas E. Dewberry, C. Sean McSpaden, Beth Henle, the Federal Transit Administration and the Maryland Transit Administration.  ECF 1.  Plaintiff alleges that his civil rights were violated by Defendants, who he alleges are Jewish and discriminated against him based on his disabilities, race, and religion in denying him unspecified mobility services.  *Id*., p. 2.  Plaintiff alleges Defendants have failed to reasonably accommodate him and other non-Jewish individuals. He claims that the MTA discriminated against him in eliminating a fixed route bus stop.  *Id*., p. 6-7.  The complaint is rife with legal conclusions and nonsensical factual allegations such as,

> The MTA has a large HDTV to "entertain" mobility customers who are waiting to be seen.  [ ]  The large HDTV only shows advertising PROMOTING THE PURCHASE OF A automobile or other vehicle sold by Liberty Ford, all day long. [ ] By forcing applicants for mobility services to view ads for Liberty Ford while the customer waits to be seen, the MTA engages in disability discrimination.

ECF 1, p. 26.

Overall, Plaintiff alleges that Jews are over represented throughout governmental agencies, resulting in discrimination against non-Jews. He generally alleges that his civil rights have been violated, Defendants have conspired to violate his civil rights, his rights under the Religious Freedom Restoration Act have been violated, and he has suffered disability discrimination in public accommodations.  ECF 1.

A complaint that is totally implausible or frivolous, such as this, may be dismissed sua sponte for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).  The allegations asserted by Plaintiff are the product of fantasy or delusional thinking that cannot be addressed by this Court.  Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf.

Additionally, the Complaint is subject to dismissal for failure to state a claim pursuant to Rule 12(b)(6).  A Court is not obliged to ferret through a complaint in search of viable claims.  The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the Court to sort out the factual basis of any claims fairly raised, making dismissal for lack of compliance with Rule 8 appropriate.  *Holsey v. Collins*, 90 F.R.D. 122, 123-24 (D. Md. 1981) (quoting *DeFina v. Latimer*, 79 F.R.D. 5, 7 (E.D.N.Y. 1977)).  To comply with Rule 8, a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Although district courts have a duty to construe

pro se pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. *See id*. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating duty to construe liberally does not require courts to "conjure up questions never squarely presented").

The Complaint does not comply with Rule 8(a)(2), requiring "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1), requiring each allegation of a pleading be "simple, concise, and direct." A pleading must give the court and defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the Complaint provides no factual support for the myriad statutory and constitutional claims. As such, it does not provide this Court or any potential defendants "fair notice" of the claims and facts upon which they are based. The Court will, therefore, dismiss the Complaint by separate order.

DATED this 27th day of March, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge